```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION


ERSKINE LEE WALLER, JR.,         :

     Petitioner,                 :
                                            CIVIL ACTION 09-0412-CG-M
v.                               :
                                          CRIMINAL ACTION 05-00229-CG-M
UNITED STATES OF AMERICA,        :

     Respondent.                 :
```

REPORT AND RECOMMENDATION

Pending before the Court is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 28) and Respondent's Motion to Dismiss (Doc. 30).  This action was referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 8(b) of the Rules Governing Section 2255 Cases.  It is now ready for consideration.  The record is adequate to dispose of this matter; no evidentiary hearing is required.  It is recommended that Respondent's Motion to Dismiss (Doc. 30) be granted, that Petitioner's Motion to Vacate (Doc. 28) be denied, that this action be dismissed as time-barred, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner Erskine Lee Waller, Jr.

Waller was indicted on July 28, 2005 for knowingly possessing cocaine with the intention of distributing it in violation of 21 U.S.C. § 841(a)(1) and criminal forfeiture under 21 U.S.C. § 853 (Doc. 3).  On September 20, 2005, Petitioner

entered into a Plea Agreement in which he pled guilty to knowingly possessing cocaine with the intent of distributing it (Doc. 17).  On January 18, 2006, Judge Granade sentenced Petitioner to serve seventy-eight months on the conviction as well as four years of supervised release following his release from prison, and an assessment of one hundred dollars (Doc. 24). No appeal was filed (Doc. 28, p. 3, ¶ 8(a)).

Petitioner filed his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, on June 26, 2009,[1] in which he raises two claims that he was improperly sentenced (Doc. 28). Respondent filed a Motion to Dismiss on July 16, 2009 (Doc. 30) to which Petitioner has Replied (Doc. 32).

Before taking up Waller's claims, the Court notes that Respondent has asserted that this action should be dismissed, arguing that the claims were not filed within the one-year statute of limitations period (Doc. 30, pp. 2-3).  Respondent refers to provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 (hereinafter *AEDPA*) which amended, in pertinent part, 28 U.S.C. § 2255.  The specific provisions state as follows:

> A prisoner in custody under sentence of

---

[1] This is the date Waller signed his Motion (Doc. 28, p. 7). Under the "mailbox rule," the date a prisoner delivers a § 2255 petition to prison authorities is deemed to be the date it was filed with the court.  *See Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

2

>   a court established by Act of Congress
>   claiming the right to be released upon the
>   ground that the sentence was imposed in
>   violation of the Constitution or laws of the
>   United States, or that the court was without
>   jurisdiction to impose such sentence, or that
>   the sentence was in excess of the maximum
>   authorized by law, or is otherwise subject to
>   collateral attack, may move the court which
>   imposed the sentence to vacate, set aside or
>   correct the sentence.
>
>   ***
>
>   A 1-year period of limitation shall apply to
>   a motion under this section.  The limitation
>   period shall run from the latest of--
>
>> (1) the date on which the judgment of
>> conviction becomes final;
>>
>> (2) the date on which the impediment to
>> making a motion created by governmental
>> action in violation of the Constitution
>> or laws of the United States is removed,
>> if the movant was prevented from making
>> a motion by such governmental action;
>>
>> (3) the date on which the right asserted
>> was initially recognized by the Supreme
>> Court, if that right has been newly
>> recognized by the Supreme Court and made
>> retroactively applicable to cases on
>> collateral review; or
>>
>> (4) the date on which the facts
>> supporting the claim or claims presented
>> could have been discovered through the
>> exercise of due diligence.

28 U.S.C. § 2255(f).

For purposes of this Motion, Waller's conviction became final ten days after the entry of judgment.  *See Maderos v. United States*, 218 F.3d 1252, 1253 (11th Cir. 2000) ("[j]udgment

of conviction became final . . . ten days after it was entered") (citing F.R.App.P. 4(b)(1)).  Ten days after January 18, 2006 was January 30, 2006.[2]  Petitioner's Motion to Vacate was filed on June 26, 2009 (Doc. 28), so it was filed beyond the one-year limitations period by more than two years.

Waller has asserted that it was the ineffectiveness of his attorneys which rendered the filing of this Motion so late (Doc. 32).  The Court finds no merit in this assertion as Petitioner is solely responsible for the filing of this Motion.  Under *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999), *cert. denied*, 531 U.S. 971 (2000), "[e]quitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence."  Petitioner has not demonstrated any extraordinary circumstances; he has certainly not been diligent in the filing of this action as it comes more than two years too late.  The Court finds that Petitioner has not demonstrated any basis for finding that he has equitably tolled the statute.

Waller has raised two claims in this petition.  However, the Court has not considered them as they are time-barred under AEDPA.  Therefore, it is recommended that Respondent's Motion to Dismiss be granted (Doc. 30), that Petitioner's Motion be denied

---

[2]Ten days later was actually January 28, 2006, but that was a Saturday.  The next day that the Court was open was Monday, January 30, 2006.

as time-barred (Doc. 28), that this action be dismissed, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner Erskine Lee Waller, Jr.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

> A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      **Transcript (applicable where proceedings tape recorded)**.
Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the
magistrate judge finds that the tapes and original records in
this action are adequate for purposes of review.  Any party
planning to object to this recommendation, but unable to pay the
fee for a transcript, is advised that a judicial determination
that transcription is necessary is required before the United
States will pay the cost of the transcript.

     DONE this 19th day of August, 2009.


                                       s/BERT W. MILLING, JR.
                                       UNITED STATES MAGISTRATE JUDGE